**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ROMEO, et al., | CIVIL ACTION NO. 11-3727 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| JC PENNEY, et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Joseph Romeo ("Romeo") and his wife, Fran Romeo, citizens of New Jersey, brought this action in state court against Defendants, J.C. Penney Corporation, Inc. ("JCPC"), Jess Stoop, and Kimberly Schwartz (collectively, "Named Defendants"), to recover damages stemming from personal injuries allegedly suffered by Joseph Romeo. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)[1]  The plaintiffs have also sued several fictitious defendants. (Id.)  Named Defendants removed this action pursuant to 28 U.S.C. §§ 1441 and 1332. (Rmv. Not. at ¶ 8.)

**PLAINTIFFS SPECIFICALLY ALLEGE** that Romeo slipped and fell on January 2, 2011 "on the premises[] of a store named JCPenney, located at 3710 Highway 9, Freehold, New Jersey" ("Premises"), which was managed by Stoop and Schwartz, and "owned by, leased

---

[1] JCPC contends that the plaintiffs also improperly sued JC Penney, J.C. Penney Company, Inc., and J.C. Penney Properties, Inc. (Rmv. Not. at ¶ 1.)  The Court will, without rendering an opinion on the propriety of naming JC Penney, J.C. Penney Company, Inc., and J.C. Penney Properties, Inc. as defendants to this action, refer to all four named JC Penney entities simply as JCPC.

by, managed by, maintained by, operated by, occupied by, rented by, used by, or was under the management, custody, control, or supervision of" JCPC.  (Compl. at 1, 2, 7, 9.)  They allege that Stoop and Schwartz were negligent, in that they caused or failed to prevent others from causing the creation of a defective and dangerous condition ("Condition") upon the Premises, and that such negligence caused Romeo to fall and suffer injuries.  (Id. at 2-6, 8-10.)  They further allege that Fran Romeo has suffered a loss of consortium.  (Id. at 11.)

**THE COURT DEEMS** JCPC to be a citizen of both Delaware and Texas.  (See Rmv. Not. at ¶ 4 (alleging that JCPC is a corporation "organized and existing under the law of the state of Delaware with a principle [sic] place of business located [in] Texas[.]").)  See 28 U.S.C. § 1332(c).  Stoop and Schwartz are citizens of New Jersey.  (Rmv. Not. at ¶¶ 5-6; dkt. entry no. 8, Opp'n Br. at ¶¶ 10-11.)

**BECAUSE COMPLETE DIVERSITY IS LACKING ON THE FACE OF THE PLEADINGS, REMOVAL WAS IMPROPER**

Because Stoop and Schwartz are citizens of New Jersey, this action lacks complete diversity.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  But JCPC alleges that Stoop and Schwartz "bear[] no liability for this action" and that the plaintiffs fraudulently joined Stoop and Schwartz only to defeat removal of the action from state court to this Court.  (Rmv. Not. at ¶¶ 5-6; see also Opp'n Br.)

Fraudulent joinder occurs when a plaintiff names a defendant solely to defeat removal of an action from state to federal court.  See Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).  Allegations of fraudulent joinder only have merit if the plaintiffs lack: (1) either a reasonable basis in fact or a colorable ground to support the claims against the defendants at issue; and (2) a real intention, in good faith, to prosecute the action against the defendants at issue.  Boyer, 913 F.2d at 111.

When a removing defendant raises the issue of fraudulent joinder, the Court must resolve all contested factual issues and any uncertainty as to the current state of controlling substantive law in the plaintiffs' favor.  Id.  Further, the Court must find that the defendants at issue, i.e., the defendants alleged to have been fraudulently joined, were properly joined if there is "even a possibility" that a state court would find that the Complaint states a claim against either one of them.  Id.  For Stoop and Schwartz to be found to be fraudulently joined, the claims asserted against them must be "wholly insubstantial and frivolous."  See Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment. See Briscoe, 448 F.3d at 217-18 (stating district court cannot, in fraudulent joinder inquiry, delve into claim's merits); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue). An inquiry under a motion to dismiss or a motion for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder". Batoff, 977 F.2d at 852. As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment. Id. at 852-53.

Upon review of the pleadings, the Court has determined that the plaintiffs have not fraudulently joined Stoop and Schwartz, as the claims against them are not wholly insubstantial and frivolous. See id. at 852. The plaintiffs have alleged that: (1) Romeo fell on the Premises and suffered injuries; (2) such injuries were caused by the Condition on the Premises; (3) the Condition was created by the negligence of Stoop and Schwartz;

and (4) Stoop and Schwartz were, at the time of the accident, acting as managers of the premises for JCPC.  (Compl. at 2, 3, 4, 5, 6, 8, 9-10.)  The plaintiffs' allegations against Stoop and Schwartz, therefore, are not wholly insubstantial and frivolous.  See Printing Mart - Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 762 (1989) (stating that employee who performs an allegedly tortious act may still be individually liable, even if she was acting on employer's behalf and realized no personal benefit).  Based on these allegations, a state court could find that the Complaint states a claim against either Stoop or Schwartz, or both.

   The Court notes that the plaintiffs acted reasonably by naming all of the parties who may be responsible for the injuries at issue, as the failure to do so could give rise to a potential statute of limitations issue.  Cf. Brown, 575 F.3d at 327 (noting that limitations defense may be considered in connection with fraudulent joinder inquiry).  The plaintiffs have also demonstrated an intention to proceed against these individual defendants, as both Stoop and Schwartz have been personally served with process.  (See Rmv. Not. at ¶ 2.)  See also Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and conduct discovery).

5

It may be that the claims asserted against Stoop and Schwartz would not survive a motion to dismiss on the merits. That concern, however, is not relevant here.

## CONCLUSION

The Court will remand the action, as the Court has determined that the plaintiffs did not fraudulently join Stoop and Schwartz.  See 28 U.S.C. §§ 1446(a), 1447(c).  The Court will issue an appropriate Order & Judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    November 10, 2011